

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-77,055

### RANDALL WAYNE MAYS, Appellant

### v.

### THE STATE OF TEXAS

### ON APPEAL FROM THE DENIAL OF A MOTION TO DETERMINE EXECUTION COMPETENCY
### FROM CAUSE NO. B-15,717 THE 392ND DISTRICT COURT HENDERSON COUNTY

*Per curiam*. MEYERS, J., dissents.

### O R D E R

In May 2008, a jury convicted appellant of capital murder. The jury answered the special issues submitted under Article 37.071, and the trial court, accordingly, set punishment at death. This Court affirmed appellant's conviction and sentence on direct appeal. *Mays v. State,* 318 S.W.3d 368 (Tex. Crim. App. 2010).

Appellant filed his initial post-conviction application for writ of habeas corpus in the convicting court on May 3, 2010. This Court denied relief. *Ex parte Mays,* No. WR-

75,105-01 (Tex. Crim. App. Mar. 16, 2011)(not designated for publication). The trial court subsequently set an execution date of March 18, 2015.

On February 24, 2015, appellant filed a motion in the trial court pursuant to Texas Code of Criminal Procedure Article 46.05 challenging his competency to be executed.[1] On February 27, the trial court issued an order in which it found that appellant had failed to make a threshold showing raising a substantial doubt of his competency to be executed. Thus, the trial court declined to appoint at least two experts to evaluate appellant. Appellant now seeks appellate review of the trial court's denial of his motion to determine execution competency under Article 46.05.

This Court has determined that further review is necessary. Accordingly, appellant's execution is stayed pending further order from this Court.

IT IS SO ORDERED THIS THE 16th DAY OF MARCH, 2015.


Do not publish

---

[1] *See Green v. State*, 374 S.W.3d 434, 443 (Tex. Crim. App. 2012)(holding that the Article 46.05 standard for reviewing the competency of inmates to be executed is a codification of *Ford v. Wainwright*, 477 U.S. 399 (1989), and remains constitutionally adequate in the wake of *Panetti v. Quarterman*, 551 U.S. 930 (2007)).